IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL C. MERLI, JR.,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
and MARK COLLINS,

Defendants.                                            No. 11-0572-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is plaintiff's motion to remand (Doc. 4). Defendants oppose the motion (Doc. 7). Based on the following, the Court grants the motion to remand.

On June 2, 2011, plaintiff, an Illinois citizen, sued his former employer, United Parcel Service, Inc. ("UPS"), and his former supervisor, Mark Collins, in the Madison County, Illinois Circuit Court. His complaint contains three counts based on state law - Count I against UPS wrongful termination; Count I against UPS for punitive damages and Count III against Collins for tortious interference with economic expectancy. On June 29, 2011, defendants removed the case based on diversity jurisdiction, 28 U.S.C. § 1332, contending that defendant Collins, an Illinois citizen, was fraudulently joined and that his citizenship should be disregarded. Shortly

thereafter, plaintiff filed a motion to remand arguing that Collins was not fraudulently joined, thus, this Court lacks subject matter jurisdiction.

## II. <u>Analysis</u>

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993). Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.' " *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c)

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Here, the problem is that both plaintiff and

Collins are citizens of Illinois.[1] Therefore, unless Collins' citizenship is disregarded, the Court does not have subject matter jurisdiction over plaintiff's claims.

"A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.* 577 F.3d 752, 763 (7th Cir. 2009). *See also Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993) (collecting cases). "The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.' " *Schur,* 577 F.3d at 763.

In the context of jurisdiction, "fraudulent" is a term of art. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). "Although false allegations of jurisdictional fact may make joinder fraudulent ... in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success whatever the plaintiff's motives." *Id.* (collecting cases). To prove fraudulent joinder, the out-of-state defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,' " *Schwartz v. State Farm Mutual Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999) (citing *Poulos,* 959 F.2d at 73). The defendant bears a heavy burden in this regard. *Id. See also Schur,* 577 F.3d at 764 (in a fraudulent joinder analysis, the "district court must ask whether there

---

[1] Hypoguard is a citizen of Delaware and Minnesota; Medisys is a citizen of Delaware and Minnesota; and Liberty is a citizen of Florida.

is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant").

Here, plaintiff argues that he has alleged sufficient facts against Collins to defeat the allegation of fraudulent joinder. Specifically, plaintiff alleges in Count III of his complaint that Collins tortiously interfered with his right to continued employment with UPS in October 2010 when Collins unreasonably obstructed his return to work following a non-work related accident. Plaintiff maintains that Collins motivation was to act with malice towards him and not in furtherance of the legitimate corporate objectives of UPS. Plaintiff contends that Collins' waived the qualified privilege with regard to his actions in carrying out the goals of the corporation. Defendants maintain that Collins, as a UPS manager, cannot tortiously interfere with plaintiff's employment with UPS. Defendants further maintain that any savings achieved by firing or otherwise interfering with plaintiff's return to work would be realized by UPS and that plaintiff has not alleged that Collins acted for any reason other than the interest of UPS.

Illinois courts have consistently held in tortious interference actions involving conditional privileges that the plaintiff bears the affirmative burden of pleading and proving the absence of the privilege. In affirming the circuit court's granting of a motion to dismiss, the Illinois Supreme Court in *Arlington Heights* stated that the plaintiff must show "actual malice" on the part of the defendant in order to sustain a cause of action for interference with contract where the alleged wrongful conduct is conditionally privileged. *Arlington Heights National Bank v. Arlington Heights*

*Federal Savings & Loan Association,* 37 Ill.2d 546, 229 N.E.2d 514 (1967). Similarly, in *Swager v. Couri*, 77 Ill.2d 173, 32 Ill.Dec. 540, 395 N.E.2d 921 (1979), the Illinois Supreme Court held in a tortious interference action that the absence of a privilege of a corporate officer to act for the corporation must be pleaded and proven in the plaintiff's case-in-chief.

Here, the Court determines that the record does *not* support defendants' contention that there is no possibility that plaintiff could ever recover against Collins. The facts alleged by plaintiff allow for a reasonable inference that Collins' conduct towards plaintiff was motivated by his anger towards plaintiff for putting Collins in the position of having to explain to UPS why *he* did not follow UPS rules and report plaintiff's original back injury in a timely manner. The allegations contained in the complaint present a question of whether the privilege defense would survive. At this stage in the litigation, the Court is required to resolve all issues of state law against removal. Therefore, the Court finds that Collins was not fraudulently joined and thus, the Court lacks subject matter jurisdiction.

### III. Conclusion

Accordingly, the Court **GRANTS** the motion to remand (Doc. 4). Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** this case to the Madison County, Illinois Circuit Court for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed this 19th day of August, 2011.

David R. Herndon
2011.08.19
07:12:36 -05'00'

**Chief Judge**
**United States District Court**